AO 106 (Rev. 01/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

JAN 11 2022

JULIA C. DUDLEY, CLERK
BY: /s/
       DEPUTY CLERK

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
16316 Black Hollow Road )
Abingdon, Virginia )
)

Case No. 1:22mj00003

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ___Western___ District of ___Virginia___ *(identify the person or describe property to be searched and give its location):* 16316 Black Hollow Road, Abingdon, Virginia - to include the residence, curtilage, garages, outbuildings, campers, person of Charlie Stiltner if present, and vehicles owned by/registered to/utilized by/or otherwise under the control of or accessible by Charlie Stiltner, Attachment A consists of a photograph of the residence.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___21___ U.S.C. § ___846/841(a)(1)___, and the application is based on these facts: See Attachment C
                                                         and/or § 841(a)(1)

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Brian Snedeker
Applicant's signature

Brian Snedeker, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 1/11/22

/s/ Pamela Meade Sargent
Judge's signature

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
Printed name and title

# ATTACHMENT A



16316 Black Hollow Road, Abingdon, VA

ATTACHMENT B

1. Methamphetamine distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; devices used to communicate with other drug traffickers/co-conspirators including cellular telephones; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of methamphetamine.

3. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of methamphetamine. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and/or telephone books, notebooks, loose pieces of paper, and found in mail.

4. Photographs and videos depicting methamphetamine, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with methamphetamine,

5. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

6. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

7. Large amounts of currency (exceeding $1000.00) or readily transported assets which are used as cash equivalents (cashier's checks, prepaid money/credit cards, money orders, etc.)

8. Items listed in Paragraphs 2 through 6 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 2 through 6.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for methamphetamine distribution/conspiracy related documentary evidence and equipment/supplies on the premises known as 16316 Black Hollow Road, Abingdon, Virginia. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of methamphetamine and/or conspiracy to distribute methamphetamine at 16316 Black Hollow Road, Abingdon, Virginia in violation of 21 U.S.C. § 841(a)(1) and § 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (30) years. During my employment I have received comprehensive classroom training from the DEA in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of methamphetamine (a Schedule II controlled substance). I have also executed hundreds of search warrants related to the trafficking and manufacturing of methamphetamine.

4. The facts set forth in this affidavit are known to me as a result of my participation in the investigation of Charlie Theodore STILTNER Jr. (hereafter referred to as "Charlie STILTNER"), my training and experience, and information provided to me by other law enforcement officers.

5. During September 2021, an investigation into the methamphetamine trafficking activities of Charlie STILTNER revealed that Charlie STILTNER resides within the Western District of Virginia and travels to Sullivan County, Tennessee (located within the Eastern District of Tennessee) to distribute methamphetamine. Since September 2021, a reliable confidential source (hereafter referred to as "CS") has performed multiple (four or more) controlled purchases (monitored, recorded, and surveilled by law enforcement) of ounce to multi-ounce quantities of methamphetamine from Charlie STILTNER within Sullivan County, Tennessee. Each of the controlled purchases involved multiple cellular telephone calls and/or texts between the CS and Charlie STILTNER coordinating said controlled purchases. During the most recent controlled purchase (occurring during the last week of October 2021), law enforcement surveilled Charlie STILTNER departing his known primary residence (at that time; a one-story house) in Bristol, Virginia and followed him until his subsequent arrival at the meeting/sale location with the CS in Sullivan County, Tennessee. Upon completion of the controlled purchase, law enforcement followed

Charlie STILTNER from the meeting/sale location directly back into the Western District of Virginia.

6. During December 2021, the CS advised law enforcement that Charlie STILTER contacted him during this same month and told the CS that if the CS needed any methamphetamine he should just come to Charlie STILTNER's new residence at 16316 Black Hollow Road, Abingdon, VA to pick up said methamphetamine. Charlie STILTNER also advised the CS that phone service was poor at his new residence and therefore there was no need for the CS to call ahead before coming to the residence to obtain methamphetamine.

7. During late December 2021/early January 2022, law enforcement reviewed a jail phone call between two drug traffickers (hereafter referred to as "Trafficker A" and "Trafficker B"). During the call, Trafficker A [currently incarcerated in relation to a recent multi-kilo methamphetamine seizure; a known associate of and suspected source of supply for Charlie STILTNER] asked Trafficker B if Trafficker B had spoken with Charlie STILTNER (referring to Charlie STILTNER by a known nickname for Charlie STILTNER; Charlie STILTNER's actual name was not used during the conversation). Trafficker B told Trafficker A that Charlie STILTNER has been out at the trailer [the residence at 16316 Black Hollow Road, Abingdon, Virginia is comprised of a singlewide trailer – reference ¶6 above] and it has been difficult for Trafficker B to get in touch with Charlie STILTNER when he is at the trailer [law enforcement believes that Trafficker B was unable to contact Charlie STILTNER by phone (text/call) due to poor cellular service at the trailer (reference ¶6 above)].

8. A review of Charlie STILTNER's criminal history revealed the following felony drug related convictions:

   - 2008 felony conviction for distribution/possession with intent to distribute marijuana.

   - 2010 felony conviction for manufacturing methamphetamine where a child was present.

   - 2010 felony conviction for manufacturing methamphetamine.

   - 2010 felony conviction for possession of precursors to manufacture methamphetamine.

9. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who distribute and/or conspire to distribute methamphetamine typically maintain methamphetamine, methamphetamine distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to methamphetamine trafficking related contacts/co-conspirators/customers), and other items as listed and

explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) at their residences (to include the residence/home itself as well as related garages, outbuildings, campers, and curtilage), on their persons, and inside of their vehicles and/or vehicles they operate and/or vehicles over which they have control when those vehicles are parked at the trafficker's/conspirator's residence.

10. Law enforcement surveillance (physical and/or electronic) of Charlie STILTNER during the course of this investigation has revealed that Charlie STILTNER routinely travels about the Western District of Virginia and the Eastern District of Tennessee during all hours of the day and night (oftentimes well after midnight). A federal search warrant has been obtained for the person of Charlie STILTNER and it is this affiant's intent to execute the search warrant upon Charlie STILTNER's person before executing a search warrant upon his residence (for officer safety reasons it is desirable to secure and search Charlie STILTNER away from the residence where firearms may be located – law enforcement has observed Charlie STILTNER with firearms during the course of this investigation). Due to Charlie STILTNER's unpredictable travel patterns, it is unknown as to what hour of the day or night law enforcement will encounter Charlie STILTNER within the Western District of Virginia for the purpose of executing the federal search warrant upon his person. Furthermore, in order to prevent the destruction/theft/tampering by others of any evidence at Charlie STILTNER's residence once Charlie STILTNER has been secured (for the purpose of executing the search warrant upon his person), it will be necessary to execute the search warrant at the residence as close in time as practicable to the execution of the search warrant upon Charlie STILTNER's person.

11. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 16316 Black Hollow Road, Abingdon, Virginia (located within the Western District of Virginia) as there is probable cause to believe that there is evidence of a violation of 21 U.S.C. § 841(a)(1) and § 846/841(a)(1) at said premises. Furthermore, I submit that Paragraph 10 above presents good/reasonable cause as to why the requested search warrant should be authorized for execution during any time of day or night.

_____    01-11-2022
Brian Snedeker, Special Agent (DEA)    Date

Subscribed and sworn to before me, this the 11th day of January, 2022, in Abingdon, Virginia.

Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia

Reviewed by:

s/Roy F. Evans                                01-10-2022
Special Assistant United States Attorney          Date